UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-23762-CIV-LENARD/GOODMAN

CLUB MADONNA, INC., and
LEROY GRIFFITH,

       Plaintiffs,

v.

CITY OF MIAMI BEACH,

       Defendant.

_____/

## OMNIBUS ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATIONS ON DEFENDANT'S VERIFIED ATTORNEYS' FEES MOTION (D.E. 85), GRANTING IN PART DEFENDANT CITY OF MIAMI BEACH'S MOTION FOR ATTORNEYS' FEES AND SANCTIONS (D.E. 53), AND GRANTING IN PART PLAINTIFFS' MOTION FOR REDUCTION IN AMOUNT OF ATTORNEYS' FEES TO BE AWARDED (D.E. 87)

**THIS CAUSE** is before the Court on the Report and Recommendations on Defendant's Verified Attorney's Fees Motion, ("Report," D.E. 85), issued by Magistrate Judge Jonathan Goodman on August 10, 2015. On August 24, 2015, Plaintiffs, Club Madonna, Inc. and Leroy Griffith, filed Objections ("Plaintiffs' Objections," D.E. 86), as did Defendant, the City of Miami Beach ("Defendant's Objections," D.E. 88). On September 8, 2015, Plaintiffs filed a Response to Defendant's Objections ("Plaintiffs' Response," D.E. 89), and Defendant filed a Response to Plaintiffs' Objections ("Defendant's Response," D.E. 90).

Also before the Court is Plaintiffs' Motion for Reduction in Amount of Attorneys' Fees to be Awarded to Defendant or, Alternatively, for Reconsideration of the Report and

Recommendations on Defendant's Verified Attorneys' Fees Motion, ("Plaintiffs' Motion," D.E. 87), filed August 24, 2015.  The City filed  Response on September 11, 2015, (D.E. 91), to which Plaintiffs filed a Reply on September 18, 2015, (D.E. 95).[1]

Upon review of the Report, Objections, Responses, and the Motion papers, the Court finds as follows.

## I.    Background

Plaintiff Club Madonna is a night club in Miami Beach that offers fully-nude erotic entertainment to its patrons.  (Am. Compl., D.E. 14 ¶¶ 7, 9.)  Miami Beach City Code Section 6-40 prohibits nudity where alcoholic beverages are sold, and Section 12-48 of Ordinance 89-2665, readopted in Ordinance 90-2685 of the Miami Beach Code, prohibits establishments that serve alcoholic beverages from permitting full-nudity entertainment.  (Id. ¶ 10.)  Club Madonna has long desired to change its current operation to one where its performers are allowed to perform totally nude with alcohol being sold and served.  (Id. ¶ 11.)

On December 16, 2008, Club Madonna filed a Complaint against the City of Miami Beach ("Defendant," or "the City"), seeking damages for constitutional violations and for declaratory and injunctive relief under 42 U.S.C. §§ 1983, 1985, and 1988 (the "2008 Complaint").  (Id. ¶ 13; see Complaint (D.E. 1), Club Madonna, Inc. v. City of

---

[1]       On September 11, 2015, the Court erroneously struck the City's Response as untimely.  (See D.E. 92.)  The City moved for reconsideration of the Order Striking the Response, (D.E. 93), which Plaintiffs do not oppose, (see D.E. 95 at 4-5).  Accordingly, the Court grants the motion for reconsideration insofar as it will accept the City's Response as timely filed.

Miami Beach, No. 08-23469-CIV-MOORE (S.D. Fla. Dec. 16, 2008).[2])   The 2008 Complaint alleged that Club Madonna was denied access to the legislative process for the purpose of seeking a change in the law that would allow Club Madonna to sell alcohol to its patrons.  (Id. ¶ 14.)  The Parties entered into a Settlement Agreement which stipulated, inter alia, that the City agreed to place Club Madonna's proposed ordinance—which would allow for the sale of liquor by the drink in full-nudity entertainment establishments—on the City Commission's agenda, and that the City would endeavor in good-faith to have the proposal heard before the Commission in June or July 2009.  (Id. ¶ 16.)  On September 9, 2009, the City held a hearing on the matter, but the measure failed.  (Id. ¶ 18.)  On October 1, 2009, Club Madonna filed a Notice of Voluntary Dismissal of the 2008 Complaint pursuant to the parties' Settlement Agreement, which required Plaintiffs to dismiss the case after the City Commission held its vote on the proposal, "regardless of the outcome" of the vote.   (Set. Agmt., D.E. 5-3 at 2 ¶ 7; see also Dismissal Notice (D.E. 33), Club Madonna, No. 08-23469-CIV-MOORE (S.D. Fla. Oct. 1, 2009).)  The Settlement Agreement also contained a provision releasing the City from, inter alia, all claims "arising out of, relating to, or involving the subject matter of" the 2008 Lawsuit.  (See Dismissal Order, D.E. 45 at 11.)

Plaintiffs instituted the instant action on September 13, 2013 in state court, and Defendants removed the action to this Court on October 16, 2013.  (See D.E. 1.)  The

---

[2]     The 2008 Complaint was actually Club Madonna's second attempt at securing the right to serve alcohol at its nude erotic entertainment establishment; it previously filed suit against the City of Miami Beach for the same right in 2005.  See Complaint (D.E. 1), Club Madonna, Inc. v. City of Miami Beach, No. 05-21213-CIV-MOORE (S.D. Fla. May 5, 2005). That case ended in a stipulation of dismissal without prejudice. Id. (D.E. 19).

Amended Complaint alleged that since Plaintiffs' dismissal of the 2008 Lawsuit, the City had permitted third-party club operators to serve alcohol and provide nude entertainment. (D.E. 14  ¶ 19.)  It alleged that the City had "actual and constructive knowledge of said third-party club operators conducting business serving liquor and providing nudity (without cabaret licenses)."  (Id. ¶ 20.)  Plaintiff Griffith provided notice to the City "with specific reference to the third party club operators" who are allegedly engaging in this conduct, but the City did not take any action.[3]  (Id. ¶ 21.)

Count I of the Amended Complaint alleged an Equal Protection violation pursuant to 42 U.S.C. § 1983 for allowing the third-party club operators to serve alcoholic beverages to their patrons while providing nude entertainment without providing Club Madonna the same clearance.[4]  (Id. ¶¶ 23-28.)  Count II of the Amended Complaint alleged Breach of Contract for the City's alleged failure to comply with the Settlement Agreement that formed the basis of the dismissal of the 2008 Complaint—specifically, Plaintiffs alleged that the City failed to provide Club Madonna an adequate forum to have the proposed legislation read and heard before the Commission and restricted Club Madonna's right to discuss and present evidence in support of the proposed legislation. (Id. ¶¶ 29-34.)

---

[3]     It is unclear from the Amended Complaint whether Plaintiffs alleged that the third-party club operators were (1) illegally serving alcohol while offering full-nudity entertainment, or (2) legally serving alcohol while offering partial-nudity entertainment. However, the 2008 Complaint specifically complained of the latter.  (See Complaint ¶ 88 (D.E. 1), Club Madonna, No. 08-23469-CIV-MOORE (S.D. Fla. Dec. 16, 2008) (citing Miami Code City section 6-40 and Ordinance 90-2678).)

[4]     See supra note 3.

On June 19, 2014, the Court granted the City's Motion to Dismiss and dismissed the Amended Complaint with prejudice.  (D.E. 45.)  First, the Court found that Count I was covered by the release provision contained in the Settlement Agreement from the 2008 Lawsuit, and therefore was barred by res judicata: "[B]y drafting the Release in the broadest possible terms, the Parties clearly intended to preclude future litigation of all claims related to the 2008 Lawsuit.  Because Count I unquestionably arises out of, relates to, and involves the subject matter of the 2008 Settlement Agreement, it is barred by res judicata."  (Id. at 13.)  Second, the Court found that Plaintiffs had waived the breach of contract claim in Count II, concluding:

> If Plaintiffs believed the City had violated the terms of the Agreement, their recourse was to assert non-compliance with, and seek enforcement of, the Settlement Agreement before filing the Notice of Voluntary Dismissal. Alternatively, Plaintiffs simply could have refused to file the Notice of Voluntary Dismissal if it believed the City had breached its terms and continued to litigate their claims.  In any event, if "the City Commissioners prevented and prohibited Plaintiffs from presenting sufficient evidence in support of the Proposed Legislation," as Plaintiffs now argue, they knew it when they filed Notice of Voluntary Dismissal With Prejudice.  Count II is therefore waived.

(Id. at 16.)  On August 19, 2014, the Court entered Final Judgment in favor of the City. (See D.E. 51.)

On October 17, 2014, the City filed a Verified Motion for Attorneys' Fees and Sanctions, which requested an Order requiring Plaintiffs "and/or their attorneys to pay the attorneys' fees incurred by the City in this matter."  ("Motion," D.E. 53 at 1.)  The Court referred the Motion to Judge Goodman on October 20, 2014.  (See D.E. 54).  On February 24, 2015, Judge Goodman entered an order requiring the Parties to mediate the

issues raised in the Motion.  (D.E. 76.)  The Parties mediated the issues on April 7, 2015, and the claim for fees against Plaintiffs' former attorney Richard Wolfe was resolved. (See Mediator's Report, D.E. 79.)  Judge Goodman issued his Report on the Motion's remaining issues on August 10, 2015, recommending that the Court (1) grant the Motion in part, (2) award the City $53,730.30 in attorneys' fees under 42 U.S.C. § 1988 for having to defend a frivolous Section 1983 claim (Count I), but deny fees for having to defend Count II, (D.E. 85 at 39), and (3) permit Plaintiffs to move for a reduction of any fee award by the amount Attorney Wolfe agreed to pay the City, (id. at 3 n.2, 39 n.10). On August 24, 2015, Plaintiffs filed their Motion for Reduction in Amount of Attorneys' Fees to be Awarded to Defendant, requesting that any award be reduced by the amount Attorney Wolfe agreed to pay the City.  (D.E. 87.)

## II.    Legal Standard

Upon receipt of the Magistrate Judge's Report and the Parties' Objections, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(3).  The court must conduct a de novo review of any part of the Report that has been "properly objected to."  Fed. R. Civ. P. 72(b)(3); see 28 U.S.C. § 636(b)(1) (providing that the district court "shall make a de novo determination of those portions of the [R & R] to which objection is made").  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusory, or general objections need not be considered by the district court."  Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir.

6

1988).  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Portions of the Report that are not properly objected to will be evaluated for clear error.  See Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006); Cuevas on Behalf of Juarbe v. Callahan, 11 F. Supp. 2d 1340, 1342 (M.D. Fla. 1998).

## III.   Discussion

Judge Goodman found that Plaintiff's claim under 42 U.S.C. § 1983 was groundless and that the City was therefore entitled to attorneys' fees under 42 U.S.C. § 1988 for having to defend against Count I of the Amended Complaint.  (Report at 10-14.) However, Judge Goodman found that the City was not entitled to attorneys' fees under Section 1988 for defending against Plaintiffs' breach of contract claim (Count II), and further found that Count II was not brought in bad faith and that the Court should therefore deny the City's motion to impose fees under the Court's inherent authority.  (Id. at 15-21.)  Accordingly, after applying a 50% across-the-board reduction to the City's requested award of $107,460.60,[5] Judge Goodman recommends awarding the City $53,730.30.[6]  (Id. at 39.)

_____

[5]     The City originally requested $108,093.10, but conceded that $632.50 was improperly billed and withdrew its request for that amount.  (See D.E. 83 at 8 n.9.)  Thus, the total adjusted fee request is $107,460.60.

[6]     Judge Goodman also found that the City cannot collect a double recovery of attorneys' fees, and noted that the fee award may be reduced by any amount Wolfe agreed to pay the City.  (Report at 3 n.2.)  However, at the time the Report was issued it was unknown how the claim against Wolfe was resolved, and the amount of attorneys' fees, if any, he agreed to pay the City.  (See id.)  On August 24, 2015, Plaintiffs filed their Motion for Reduction in Amount of Attorneys' Fees, seeking to reduce any attorneys' fee award by the amount Attorney Wolfe agreed to pay the City.  (D.E. 87.)  Plaintiffs attached to their Motion an email from the City's

A prevailing party is not ordinarily entitled to recover attorney's fees from its opponent. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975). However, pursuant to 42 U.S.C. § 1988, "[i]n any action to enforce a provision of section[] 1983, . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." While a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," under Section 1988, "[a] prevailing defendant may recover an attorney's fee only where the suit was vexatious, frivolous, or brought to harass or embarrass the defendant." Hensley v. Eckerhart, 461 U.S. 424, 429 & n.2 (1983) (citation and internal quotation marks omitted). "[I]t is important that a district court

---

attorney to Plaintiffs' attorney indicating that Wolfe agreed to pay the City $5,000 in fees pursuant to 28 U.S.C. § 1927. (See D.E. 87-1.) In its Response to the Defendants' Motion, the City argues that Wolfe's $5,000 does not constitute double recovery because it was paid as a sanction pursuant to 28 U.S.C. § 1927 (which is punitive) whereas Judge Goodman recommended a fee award under 42 U.S.C. § 1988 (which is compensatory). (D.E. 91 at 1-4.)

The Court rejects this argument. First, there is no merit to the City's argument that Wolfe's $5,000 mediated settlement was paid pursuant to Section 1927 which, by its own terms, states that an attorney "may be required by the court to" satisfy certain fees and costs. 28 U.S.C. § 1927. As the court did not require Attorney Wolfe to pay any amount, the $5,000 mediated settlement was not paid pursuant to Section 1927. (In fact, Judge Goodman's Report notes that the City's claim for a fee award under Section 1927 was mooted by the mediated settlement, (Report at 6 n.3), and found that a punitive fee award under the Court's inherent authority was unwarranted, (id. at 18)). And in any event, the Court rejects the City's argument that an award under Section 1927 in addition to an award under Section 1988 would not constitute double recovery because they are "legally distinct" grounds for fees—one being punitive and the other compensatory. See Gilmore v. Bergin, No. CIV.3:95CV01838(DFM), 1998 WL 1632526, at *11 (D. Conn. Sept. 22, 1998) (rejecting argument that the plaintiff is entitled to recover attorney's fees under state common law doctrine of punitive damages in addition to a Section 1988 fee award because it would constitute a double recovery); see also Maale v. Kirchgessner, No. 08–80131–CIV, 2012 WL 2254083, at *2-3 (S.D. Fla. May 29, 2012) (overruling Magistrate Judge's recommendation to impose an attorney fee award as a sanction against the plaintiff in favor of the defendant because the defendant had previously been awarded attorneys' fees and such a sanction would constitute a double recovery). Because the City is not entitled to a double recovery, the Court finds that Plaintiffs are entitled to a $5,000 reduction of the fee award, which will be applied below.

resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 121-22 (1978). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes v. Rowe, 449 U.S. 5, 14 (1980).

The Eleventh Circuit has identified several relevant factors for courts to consider on a § 1983 defendant's motion for fees, including "(1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." Sullivan v. Sch. Bd. of Pinellas Cnty., 773 F.2d 1182, 1189 (11th Cir. 1985). Even so, an award of fees is permissive, not mandatory, and the standards outlined above exist to "guide the district court's exercise of discretion." Johnson v. Florida, 348 F.3d 1334, 1350 (11th Cir. 2003).

Additionally, when a lawsuit raises unsettled questions of law upon which reasonable jurist may disagree, a prevailing defendant should not be awarded fees. See Sherman v. Babbitt, 772 F.2d 1476, 1478 (9th Cir. 1985); Tarter v. Raybuck, 742 F.2d 977, 988 (6th Cir. 1984). When, however, the plaintiff institutes a lawsuit to re-litigate previously adjudicated issues or assert a claim that is legally groundless in view of settled law, a prevailing defendant may recover reasonable attorney's fees. See, e.g., Head v. Medford, 62 F.3d 351, 355-56 (11th Cir. 1995) (reversing the district court's refusal to

9

award fees when the plaintiff's claim was based on establishing a "nonexistent property interest [that was] legally groundless" in view of settled law); <u>Carrion v. Yeshiva Univ.</u>, 535 F.2d 722, 726-29 (2d Cir. 1976) (affirming fee award when plaintiffs sued in federal court after "substantially the same" issues were decided in state court and noting that "in view of the <u>failure of the previous litigation</u>" the plaintiff's counsel had reason to be aware that an award of fees was possible) (emphasis added).

### a.      Count I: Civil Rights Claim Under Section 1983

Judge Goodman found that Plaintiff's Section 1983 claim was groundless based on the Court's finding in its Dismissal Order that Count I "<u>unquestionably</u> ar[ose] out of, relate[d] to, and involve[d] the subject matter of the 2008 Settlement Agreement." (Report at 10 (quoting Dismissal Order at 13).)  He therefore found that the City was entitled to fees pursuant to Section 1988 for having to defend Count I.  (<u>Id.</u> at 14.) Plaintiffs object, arguing that the Report erroneously (1) assessed attorneys' fees against Defendant Griffith where the 1983 claim was brought only by Club Madonna, (2) found that Count I was frivolous, and (3) awarded excessive, redundant, and unnecessary attorneys' fees.  (D.E. 86 at 4-15.)

First, Plaintiffs argue that the Report erroneously assessed attorneys' fees against Defendant Griffith because "Count I of the Amended Complaint was brought on behalf of Club Madonna, not both Plaintiffs."  (Pls. Obj. at 3.)  The Court overrules this objection as frivolous.  There is no indication that Count I was brought only by Club Madonna and Plaintiffs have never asserted that Count I was brought only by Club Madonna, including in Club Madonna's Response to the City's Motion for Attorneys'

Fees and Sanctions (D.E. 58), Griffith's Response to the City's Motion (D.E. 59), Club Madonna's Objections as to the Amounts Claimed in the City's Motion (D.E. 60), or Plaintiffs' Surreply in further opposition to the City's Motion (D.E. 69).  This is the first time Plaintiffs have ever suggested that Count I was only brought by Club Madonna.

Indeed, directly under Count I in the Amended Complaint, "Plaintiffs reallege and reaver each and every allegation contained in the" preceding paragraphs of the Amended Complaint.  (D.E. 14 at 4 (emphasis added).)    Additionally, in their Response to the City's Motion to Dismiss, they argue that "the Plaintiffs have plead a viable equal protection claim."  (D.E. 27 at 8 (emphasis added); see also id. at 8-12 (using, repeatedly, the plural "Plaintiffs" in relation to their Equal Protection claim").)  Moreover, when the City pointed out that Mr. Griffith failed to respond to the City's Motion, (D.E. 65 at 2-3), Plaintiffs filed a "Notice of Correction by Interlination [sic]," in which they stated "Leroy Griffith . . . give [sic] notice of adopting response filed by his wholly owned Club Madonna, [DE 58] which was mistakenly filed only on behalf of Plaintiff Club Madonna, when it was intended to be filed by both Plaintiffs," (D.E. 66) (emphasis added). Accordingly, Plaintiffs' first objection is overruled as frivolous and the Court finds that Judge Goodman's assessment of fees against Griffith is not clearly erroneous.

Second, Plaintiffs argue that the Report erroneously found that Count I's "Section 1983 claim was so lacking in merit that it warranted an award of attorney's fees under Section 1988's rigorous standard."  (Pls. Obj. at 4.)  They assign error to Judge Goodman's statement that "Plaintiffs merely attempted to recast their already-resolved-by-the-prior-settlement claim with different names and labels but under materially

indistinguishable facts." (Report at 10.) Plaintiffs argue that "[a] closer review of the allegations in this case and Club Madonna's 2008 lawsuit against the City . . . reveal that Club Madonna had a colorable argument that the Section 1983 claims raised in each litigation were materially distinguishable." (Pls. Obj. at 4.) However, Plaintiffs raised the same arguments in their Response to Plaintiffs Motion to Dismiss, (see D.E. 27 at 6-7), and they are really challenging the Court's Dismissal Order which they failed to properly appeal or move this Court to reconsider.

Upon de novo review, the Court finds that Judge Goodman correctly found that Plaintiffs' 1983 claim was groundless. Although Plaintiffs attempted to distinguish the 1983 claim contained in the 2008 Lawsuit from the 1983 claim in this case, the Court found in its Dismissal Order that Count I "unquestionably ar[ose] out of, relate[d] to, and involve[d] the subject matter of the 2008 Settlement Agreement." (D.E. 45 at 13 (emphasis added).) In the 2008 Settlement Agreement, Plaintiffs broadly agreed to

> remise, release, acquit, satisfy, and forever discharge [the City] from any and all actions, causes of action, claims, demands, causes, expenses and liabilities of every kind and nature, in law or in equity, including, but not limited to . . . any matter, cause or thing arising out of, relating to, or involving the subject matter of [the 2008 Lawsuit], including, but not limited to, all known or unknown or unanticipated causes of action, . . . which could have been asserted in the Lawsuit.

(D.E. 5-3 at 27 (emphasis added).) The Court agrees with Judge Goodman's statement that "[t]he District Court, in the Dismissal Order, did not even need to address the substance of Plaintiffs' civil rights claim because it was so clearly apparent on the face of the Amended Complaint that Plaintiffs' cause of action was barred by res judicata." (Report at 12.) The Court also agrees with Judge Goodman that all of the frivolity factors

espoused by the Eleventh Circuit in <u>Sullivan</u>, 773 F.2d at 1189, weigh in favor of awarding the City fees in this case. (<u>See</u> Report at 11-14.) Finally, the Court agrees with Judge Goodman's conclusion that the Dismissal Order reflects a finding of "<u>no legal basis</u> for the claim." (<u>Id.</u>) A court can award "attorneys' fees under section 1988 [where] there [is] <u>no</u> legal basis for [a] claim." <u>McGregor v. Bd. of Cnty. Comm'rs for Palm Beach Cnty., Fla.</u>, 130 F.R.D. 464, 467 (S.D. Fla. 1990) (awarding fees under 1988 where "the plaintiff should have reasonably realized, from basic legal research," that there was no legal basis for his deprivation of due process claim). Accordingly, the Court overrules Plaintiffs' second objection.

Third, Plaintiffs argue that the Report erroneously awarded excessive, redundant, and unnecessary attorneys' fees. (Pls. Obj. at 9.) Plaintiffs arguments track the same arguments they made to Judge Goodman. (<u>See</u> D.E. 60 at 2-7.) Upon <u>de novo</u> review of the Report and Plaintiffs specific objections, the Court adopts Judge Goodman's findings.

With respect to Plaintiffs' repeated claims that the City engaged in "block billing and/or redundant and duplicative billing," (<u>see</u> Pls.' Obj. at 11-13, 15), the objection is overruled both as conclusory and because it was never argued to Judge Goodman. <u>See</u> <u>Williams v. McNeil</u>, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"); <u>Marsden</u>, 847 F.2d at 1548 ("Frivolous, conclusive, or general objections need not be considered by the district court.").

With respect to Plaintiffs' remaining objections—which concern fees related to time spent: (1) reviewing a video and transcript of a 2009 City Committee meeting, (Pls.'

Obj. at 10); (2) drafting a Rule 11 motion that was never filed, (<u>id.</u>); (3) on administrative matters, (<u>id.</u> at 12); (4) discussing the case between attorneys, (<u>id.</u>); (5) drafting the notice of removal, (<u>id.</u> at 13); (6) drafting an unopposed motion for extension of time, (<u>id.</u>); (7) preparing a witness list, (<u>id.</u>); (8) on matters not related to this case, (<u>id.</u> at 14); (8) mediating a related case, (<u>id.</u>); (9) drafting a motion for summary judgment that was never filed, (<u>id.</u> at 14-15); and (10) drafting its motion for fees—the Court rejects the arguments for the same reasons stated in Judge Goodman's Report.  (<u>See</u> D.E. 85 at 31-37.)  The Court therefore adopts Judge Goodman's findings and conclusions with respect to the fee award regarding Count I.

### b.     Count II: Breach of Contract

The City argues that it should recover under Section 1988 fees incurred defending Count II, which alleged a state law claim for breach of contract.  (Def.'s Obj., D.E. 88 at 5.)   Judge Goodman found that Count II was frivolous and stated that although a defendant may be entitled under Section 1988 to recover fees incurred defending frivolous pendent state law claims based on the "same course of conduct" as the constitutional claim, he recommended denying the City fees for defending Count II. (Report at 14-15, 19.)  Specifically, he recommended denying fees for Count II because it was possible, in this case, to apportion the fees among the 1983 claim and the pendent state claim.  (<u>Id.</u> at 14-15.)  The City objects, arguing that a fee award under Section 1988 is warranted where a frivolous pendent claim arises out of the same nucleus of facts as the constitutional claim, irrespective of appotionability.  (Def.'s Obj. at 5-8.)

In <u>Church of Scientology of California v. Cazares</u>, the Church sued Gabriel Cazares, then-mayor of Clearwater, Florida, for (1) deprivation of civil rights under Section 1983 and (2) defamation under Florida law.  638 F.2d 1272, 1275 (5th Cir. 1981).[7]  The district court granted Cazares summary judgment on both counts, and awarded Cazares attorneys' fees for defending both counts after finding the Church's 1983 claim to be groundless, frivolous, and unreasonable.  <u>Id.</u>  The court of appeals affirmed.  <u>Id.</u> at 1290.  With respect to the 1983 claim, the court of appeals agreed "with the trial court that the civil rights action was frivolous, unreasonable and groundless" and that "an award of attorneys' fees to the defendant was justified."  <u>Id.</u>  With respect to the state law defamation claim, the court of appeals noted that several other circuits permit an attorneys' fee award in civil rights cases for pendent non-constitutional claims "which come from or arise out of the same 'nucleus of facts.'"  <u>Id.</u> (citations omitted).  It then found that the defamation claim arose out of the same nucleus of facts as the 1983 claim and that "it would be impossible to accurately apportion the time appellee's attorneys spent on the civil rights claim and on the nonfederal defamation claim."  It therefore concluded that the district court did not err in granting Cazares fees for the entire case. <u>Id.</u> at 1291.

Judge Goodman distinguished <u>Church of Scientology</u> because here it <u>is</u> possible (according to Judge Goodman) to accurately apportion the time the City spent defending Count II.  (<u>See</u> Report at 15.)  The City, however, argues that "the operative analysis is

---

[7]     In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before October 1, 1981.

whether the pendent cause of action stems from the same nucleus of facts as the failed Civil Rights claim" irrespective of whether fees can be accurately apportioned to the claims.  (Pls. Obj. at 7.)  The Court agrees with the City.

Although the <u>Church of Scientology</u> court noted that it would be impossible to accurately apportion the fees between the claims due to the unique circumstances of that case,[8] it did not condition its holding on that fact.  638 F.2d at 1291.  Indeed, a review of the relevant case law shows that a court may award attorneys' fees under Section 1988 for a pendent non-constitutional claim arising out of the same nucleus of facts as the constitutional claim, without regard to apportionability among the claims.  <u>See, e.g.</u>, <u>Munson v. Milwaukee Bd. of Sch. Dir.</u>, 969 F.2d 266, 272 (7th Cir. 1992); <u>Zabkowicz v. West Bend Co., Div. of Dart Indus., Inc.</u>, 789 F.2d 540 (7th Cir. 1986).

In <u>Zabkowicz</u>, the Seventh Circuit held that a plaintiff who prevails on a claim under the Civil Rights Act could collect attorneys' fees on pendent state law claims that were dismissed.  <u>Id.</u> at 550.  The Seventh Circuit relied on the Supreme Court's holding in <u>Hensley</u> that a plaintiff may be entitled to recover for time spent on unsuccessful civil rights claims if they share with the civil rights claims on which the plaintiff prevailed "a common core of facts" or are "based on related legal theories."  461 U.S. at 435.  The Seventh Circuit stated that denying the prevailing plaintiff fees for work done on unsuccessful pendent state law claims in a civil rights action, even if the pendent claims were not directly compensable under a fee-shifting statute, would be "contrary to the

---

[8]    Specifically, the 1983 claim and the defamation claim proceeded as a single claim until the Church filed its Third Amended Complaint almost two years after the original complaint.  <u>Church of Scientology</u>, 638 F.2d at 1291.

16

precepts established in <u>Hensley</u> . . . because it [would fail] to consider the interrelated nature of the lawsuit as a whole." 789 F.2d at 551. Thus, the Seventh Circuit in <u>Zabkowicz</u> focused on the "interrelated nature of the lawsuit as a whole" in determining whether to award fees incurred on pendent claims without regard to whether the fees can be apportioned among the constitutional and pendent claims. See <u>id.</u>

In <u>Munson</u>, the Seventh Circuit held that <u>Zabkowicz</u>'s reasoning "is applicable to a prevailing <u>defendant</u> in a § 1988 fee award case." 969 F.2d at 272.

> If a plaintiff can be awarded fees for work done on an <u>unsuccessful</u> pendent state claim which is factually or legally related to a successful civil rights claim, then defendants likewise should be entitled to fee awards for defending frivolous pendent claims factually or legally related to frivolous civil rights claims. <u>Separating out the legal services rendered for the federal and pendent claims would be futile in both circumstances.</u> This treatment of pendent state claims is consistent with cases in other circuits holding that when a plaintiff in a civil rights action prevails on a pendent state claim based on a common nucleus of operative fact with a substantial, although unsuccessful, federal claim, fees may be awarded under § 1988.

<u>Id.</u> (second emphasis added) (citing <u>Carreras v. City of Anaheim</u>, 768 F.2d 1039, 1050 (9th Cir. 1985); <u>Lund v. Affleck</u>, 587 F.2d 75, 76-77 (1st Cir. 1978)); see also <u>Gagne v. Maher</u>, 594 F.2d 336, 343 (2d Cir. 1979) (finding, without regard to apportionability, that a fee award is appropriate "when a party prevails on a statutory claim as long as the pendent constitutional claim is a substantial one and arises out of the same operative facts"). "When the federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards." <u>Id.</u>

Other than the Fifth Circuit's isolated statement in <u>Church of Scientology</u>, there appears to be no authority even suggesting that a fee award under Section 1988 should be

17

apportioned between constitutional claims and pendent claims that arise out of the same nucleus of fact.  Accordingly, the Court finds that a prevailing defendant is entitled to a fee award under Section 1988 for defending frivolous pendent claims that arise out of the same nucleus of facts as the constitutional claim(s), irrespective of apportionability. Church of Scientology, 638 F.2d at 1291; Munson, 969 F.2d at 272 ("When the federal and pendent claims are factually or legally related, they should be treated as one action for purposes of § 1988 fee awards.").  "Separating out the legal services rendered for the federal and pendent claims would be futile . . . ."  Munson, 969 F.2d at 272; see also Ingram v. Strother, Civil Action No. 5:08–CV–32–HL, 2009 WL 2143798, at *4 n.4 (M.D. Fla. July 14, 2009) (awarding fees to prevailing defendant in civil rights case for "the time its attorney spent defending both the frivolous state law claims and the frivolous § 1983 claim" because the defendant prevailed on both the 1983 and pendent state law claims and "[t]he state law claims were factually or legally related to the frivolous § 1983 claim"); McNally v. Clark Cnty., No. 0204CV01220LRHLRL, 2006 WL 240896, at *1 (D. Nev. Jan. 27, 2006) (awarding fees under Section 1988 to prevailing defendant where all but one of the plaintiffs' claims were dismissed on the basis of res judicata, finding that "[w]hen a complaint raises federal and pendent state law claims that are 'factually or legally related, they should be treated as one action for purposes of § 1988 fee awards'") (quoting Munson, 969 F.2d at 272)).  The Court therefore disagrees with the Report insofar as it recommends denying the City a fee award under Section 1988 for Count II, which was frivolous and arose out of the same nucleus of facts as Plaintiffs' Section 1983 claim.  (See Report at 15.)

Having determined that the City is eligible for fees as to Count II, the Court must determine the appropriate fee award.  "The first step in computing a reasonable fee is to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate."  Dillard v. City of Greensboro, 213 F.3d 1347, 1354 (11th Cir. 2000) (citing ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999)).  With respect to reasonable hourly rates, the attorneys for the City discounted their standard hourly rates for their work in this case and Plaintiffs did not object to the rates quoted, which are as follows: Richard Ovelman, $548/hour; Jason Kairalla, $370/hour; Clifton Gruhn, $345/hour; Justin Wales, $275/hour; Namrata Joshi, $265/hour; and Debra Katz (litigation paralegal with over 30 years of experience), $235/hour.  (Report at 25-26 (citing Motion at 17-18).)  Judge Goodman found these to be reasonable hourly rates, and the Court agrees.  (See id. at 26.)

Next, Local Rule 7.3 addresses attorneys' fees and costs and provides that a "motion for an award of attorneys fees and/or non-taxable expenses and costs arising from the entry of a final judgment or order shall not be filed until a good faith effort to resolve the motion . . . has been completed."  S.D. Fla. L.R. 7.3(a).  The mechanism for this "good faith effort to resolve the motion" is described in subsection (b), which requires the movant to serve a draft motion upon the respondent at least thirty days prior to the deadline for filing the motion for attorneys' fees.  S.D. Fla. L.R. 7.3(b).  It is uncontested that the City complied with this provision in this case.  (See Report at 22.)

Subsection (b) then requires the non-movant to "describe in writing and with reasonable particularity each time entry or nontaxable expense to which it objects, both as

19

to issues of entitlement and as to amount, and shall provide supporting legal authority."
S.D. Fla. L.R. 7.3(b).  It is uncontested that Plaintiffs failed to comply with their
obligations under this Rule, (see Report at 22); the City first learned of plaintiffs'
objections in Plaintiffs' Response to the City's Motion, (see D.E. 83 at 2).  Judge
Goodman noted in his Report that Plaintiffs' failure to comply with Local Rule 7.3(b)
"certainly provides grounds for granting the City's requested amount of fees in full (or at
least not considering the filed objections of Plaintiffs)[.]"  (Report at 22-23.)  To date,
Plaintiffs have not addressed their failure to comply with Local Rule 7.3(b) or Judge
Goodman's statement that such a failure provides grounds for granting the City's fee
request in toto.

 "As one court in this district has noted, Local Rule 7.3's requirements are not
optional, but mandatory."  Sriskada v. Harbor Pita, Inc., No. 14–20526–CIV, 2014 WL
3908206, at *1 (S.D. Fla. Aug. 11, 2014)  (citing Norych v. Admiral Ins. Co., No. 08–
60330–CIV, 2010 WL 2557502, at *2 (S.D. Fla. June 23, 2010)); see also Maale v.
Kirchgessner, No. 08–80131–CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011)
(noting in relation to Local Rule 7.3 that "[s]trict compliance with the Local Rules is
always preferred and non-compliance may warrant appropriate sanctions").  The Court
agrees with Judge Goodman that Plaintiffs' failure to comply with Local Rule 7.3 is
grounds for granting the City's requested amount of fees, if otherwise reasonable.  See
Maale, 2011 WL 1549058, at *5; see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303
(11th Cir. 2009) (finding that a failure by the non-moving party to comply with a local
rule requiring the non-movant's response to a summary judgment motion to contain

individually numbered, concise, non-argumentative responses corresponding to each of the movant's enumerated material facts is the functional equivalent of an unopposed motion for summary judgment, since compliance with local rule is the only permissible way for non-movant to establish a genuine issue of material fact).  Judge Goodman exercised his discretion in declining to recommend that the Court grant the City's entire fee request as to Count I "based solely on" Plaintiffs' non-compliance Local Rule 7.3 (although he ultimately recommended that the Court grant almost the entire fee request on the merits).  (Report at 23.)  The Court is not so lenient when a party flippantly disregards the Local Rules—especially rules that are designed to conserve the Court's resources—and finds that Plaintiffs waived their objections to the City's fee request as to Count II by failing to comply with Local Rule 7.3(b).  See Mann, 588 F.3d at 1303.

The Court has carefully reviewed the attorney invoices submitted by the City (see D.E. 53-3) and finds that they reflect hours reasonably expended on the litigation.  See Loranger v. Stierheim, 10 F.3d 776, 782 (11th Cir. 1994) ("The Supreme Court has clearly stated that '[t]he time that is compensable under § 1988 is that reasonably expended on the litigation.'").  The Court therefore finds that the City is entitled to an attorneys' fee award with respect to Count II for the entire amount requested.  See Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1302 (11th Cir. 1988) ("If the result was excellent, then the court should compensate for all hours reasonably expended.").

### c.      Fee Award

The City's Motion requested a fee award of $108,093.10 for 303.9 hours of work at various (discounted) hourly rates among the attorneys and paralegal.  (See D.E. 53 at 17-18.)  Judge Goodman subtracted from this request $632.50 for 2.3 hours charged by attorney Wales which the City conceded were incorrectly billed and withdrew.  (See Report at 38.)  Thus, before Judge Goodman applied the 50% across-the-board cut for the denial of fees for Count II, the total fee award was $107,460.60.  (See id.)  Because the Court finds that the City is entitled to fees for Count II, it will simply not apply the 50% cut.  However, the Court will reduce the $107,460.60 sum by the $5,000 Attorney Wolfe agreed to pay the City, see supra Note 6, for a total attorneys' fee award of $102,460.60.  The Court further finds that the City is entitled to reasonable fees incurred litigating the fees issue.  Jackson v. State Bd. of Pardons & Paroles, 331 F.3d 790, 798-99 (11th Cir. 2003).  Therefore, the Court will grant the City leave to file a supplemental attorneys' fee motion if it wishes.

## IV.    Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

1.      Consistent with this Order, the Report and Recommendation on Defendant's Verified Attorney's Fees Motion (D.E. 85), is **ADOPTED IN PART**;

2.      Consistent with this Order, Defendant City of Miami Beach's Motion for Attorneys' Fees and Sanctions (D.E. 53) is **GRANTED IN PART**;

3.     Consistent with this Order, Plaintiffs' Motion for Reduction in Amount of Attorneys' Fees (D.E. 87) is **GRANTED IN PART**;

4.     The City shall have and receive attorneys' fees in the amount of $102,460.60 from Plaintiffs Club Madonna Inc. and Leroy Griffith, for which sum let execution issue; and

5.     The City shall have fourteen days from the date of this Order within which it may file a supplemental motion for attorneys' fees to cover fees incurred since the initial motion was filed.

**DONE AND ORDERED** in Chambers at Miami, Florida this 22nd day of September, 2015.

_Joan A. Lenard_

**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**